UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MARTIN GILLEN, | Case No. 3:26-cv-00243-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHANJAH BREITNEBACH,[1] | |
| Respondent. | |

Petitioner Martin Gillen, a *pro se* Nevada prisoner, commenced this action by filing a Petition for Writ of Habeas Corpus (ECF No. 1-1 ("Petition")). The Court instructed Gillen to resolve the filing fee, and he timely complied. (ECF No. 5-9.) Gillen has not filed his Petition on the appropriate form; however, he is in substantial compliance, and his Petition is legible. *See* Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts.[2] This matter is now before the Court for initial review under the Rules Governing Section 2254 Cases.

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See also Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably

[1]According to the state corrections department's inmate locator page, Gillen is presently incarcerated at Lovelock Correctional Center (LCC). See NDOC Inmate Search. The LCC website reflects that Nethanjah Breitenbach is the current Warden for LCC. *See* Lovelock Correctional Center Facility | Nevada Department of Corrections. At the end of this Order, the Court directs the Clerk of the Court to substitute Gillen's current immediate physical custodian, Nethanjah Breitenbach, as Respondent for the prior Respondent Debora Vargas. *See* Fed. R. Civ. P. 25(d).

[2]All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

incredible, or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). The Court may also dismiss claims at screening for procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Gillen challenges the constitutionality of his confinement under a November 21, 2019 judgment of conviction and sentence imposed by the Eighth Judicial District Court for Clark County in Case No. C-16-318999.[3] A jury found him guilty of burglary, first-degree kidnapping, lewdness with a child under the age of 14, use of a minor in producing pornography or as the subject of a sexual portrayal, and possession of visual presentation depicting sexual conduct of a child. *See Gillen v. State*, 486 P.3d 725 (Nev. 2021). Gillen was sentenced, among other things, to life without the possibility of parole for lewdness with a child under 14, which is the mandatory sentence because Gillen had a previous conviction in another jurisdiction that would constitute a sex offense against a child in Nevada. *See Gillen v. Johnson*, 583 P.3d 501 (Nev. 2026).

Gillen filed a direct appeal on December 9, 2019 (Case No. 80171). The Supreme Court of Nevada affirmed the judgment, and a remittitur issued on June 8, 2021. On January 10, 2022, Gillen filed a state petition for a writ of habeas corpus seeking post-conviction relief. (ECF No. 1-1 at 34.) After an evidentiary hearing, the state court denied relief. (*Id.* at 34-35, 49.) Gillen timely appealed (Case No. 90192), and the Supreme Court of Nevada affirmed the judgment denying the petition on February 12, 2026. (*Id.* at 51-56.)

On April 8, 2026, Gillen initiated this federal habeas corpus proceeding. (ECF No. 1-1.) His Petition alleges five grounds for relief under the United States Constitution. (*Id.* at 3-16.) Having conducted an initial review, the Court will direct service of the Petition and a response.

Gillen also filed a Motion for Appointment of Counsel. (ECF No. 1-2.) There is no

---

[3]The Court takes judicial notice of the online dockets for Clark County Case No. C-16-318999, available at https://www.clarkcountycourts.us, and Gillen's Nevada Appellate Court records, available at https://nvcourts.gov.

constitutional right to appointed counsel for a federal habeas corpus proceeding. *See Pa. v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970). The Court finds Gillen's Petition is sufficiently clear in presenting the issues, and the legal issues are not particularly complex. Therefore, the appointment of counsel is not justified.

It is therefore ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-2) is denied.

It is further ordered that the Clerk of Court file the Petition (ECF No. 1-1).

It is further ordered that the Clerk of Court substitute Nethanjah Breitenbach as Respondent for the prior Respondent Debora Vargas.

It is further ordered that the Clerk of Court add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents, and provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the Office of the Attorney General only.

It is further ordered that Respondents will have 60 days from the date the Petition is electronically served to appear in this action and file a response to the Petition, including potentially by motion to dismiss.

It is further ordered that Petitioner may file a reply within 60 days after service of the answer to the Petition.

It is further ordered that, should either party file a motion, including a motion instead of a pleading, the time for responses and replies is governed instead by LR 7-2(b).

It is further ordered that any procedural defenses, including exhaustion, that

3

Respondents raise in this case, must be raised in a single consolidated motion to dismiss. Procedural defenses omitted from such motion to dismiss will be subject to potential waivers. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If Respondents seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) as set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005).

It is further ordered that, in any answer filed on the merits, Respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

It is further ordered that Respondents must file a set of state court exhibits relevant to their response to the Petition, in chronological order, and indexed as discussed *infra*.

It is further ordered that all state court records and related exhibits must be filed in accordance with LR IA 10-3 and LR IC 2-2 and include a separate index identifying each exhibit by number. The index must be filed in CM/ECF's document upload screen as the base document to receive the base docket number (e.g., ECF No. 10). Each exhibit must then be filed as an "attachment" to the base document for each exhibit to receive a sequenced sub-docket number (e.g., Exhibit 1 (ECF No. 10-1), Exhibit 2 (ECF No. 10-2), Exhibit 3 (ECF No. 10-3), and so forth). If the exhibits span more than one filing, the base document in each successive filing must be either a copy of the index or volume cover page. *See* LR IC 2-2(a)(3)(A). The purpose of this provision is to ensure the Court and any reviewing court may quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

///

///

4

It is further ordered that any hard copy exhibits for this case be forwarded to the Las Vegas Clerk's Office.

DATED THIS 4th Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE