UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARTIN GILLEN,

Petitioner,

v.

NETHANJAH BREITENBACH,

Respondents.

Case No. 3:26-cv-00243-MMD-CSD

ORDER

In this habeas corpus action, the Court appointed counsel for Petitioner Martin Gillen. (ECF No. 17.) Respondents' counsel appeared in this matter on June 17, 2026. (ECF No. 12.) On September 10, 2026, Ron Y. Sung appeared on behalf of Gillen. (ECF No. 18.) It is therefore ordered that the following schedule will govern further proceedings in this action.

If necessary, Gillen must file an amended petition for a writ of habeas corpus within 90 days after entry of this Order. The amended petition must specifically state whether each ground for relief has been exhausted in state court; and for each claim that has been exhausted in state court, the amended petition must state how, when, and where that occurred. If Gillen determines that an amended petition need not be filed, then, within 90 days after entry of this Order, Gillen must file a notice to that effect.

Respondents will have 60 days after the filing of the amended petition to file an answer or other response to the amended petition. If Gillen does not file an amended petition, Respondents will have 60 days after the due date for the amended petition to file an answer or other response to the original petition.

Gillen will have 45 days after the filing of an answer to file a reply. Respondents will thereafter have 30 days after the filing of a reply to file a response to the reply.

If Respondents file a motion to dismiss, Gillen will have 60 days after the filing of

the motion to file a response to the motion. Respondents will thereafter have 30 days after the filing of the response to file a reply.

If Gillen wishes to move for leave to conduct discovery, Gillen must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Gillen before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Gillen's reply. Thereafter, Gillen will have 20 days to file a reply in support of the motion for leave to conduct discovery.

If Gillen wishes to request an evidentiary hearing, Gillen must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Gillen before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If Gillen files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Gillen's reply. Thereafter, Gillen will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED THIS 15th Day of September 2026.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE